Nik C. Palmer, Esq.
State Bar of Nevada No. 9888
The Law Firm of Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Telephone:   (775) 333-5282
Facsimile:   (775) 323-3699
Attorney for the Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAWN JOHNSON, | |
| Plaintiff, | Case No. 16-CV-00507-MMD-WGC |
| vs. | Dept. No. |
| THE CITY OF RENO, OFFICER JOSHUA SANFORD individually and in his official capacity, SERGEANT JUSTIN BRADLEY individually and in his official capacity and DOES 1-5 Inclusive, | |
| Defendants. | |

**FIRST AMENDED COMPLAINT**

**JURY DEMAND**

Plaintiff DAWN JOHNSON, by and through her attorney, Nicholus C. Palmer, Esq., of the Law Firm of Laub & Laub, for her claims against the Defendants, and each of them, hereby states as follows:

///

///

1

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, 2201; 19 42 U.S.C. § 1983 and 1988; and pendent state claims.

2. Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b).

**PARTIES**

3. Plaintiff DAWN JOHNSON ("JOHNSON") is a resident of Reno, NV.

4. Defendant The City of Reno ("CITY") is a Municipal corporation of the State of Nevada. Both SANFORD and BRADLEY were at all releveant times and are employed by the CITY. Both SANFORD AND BRADLEY were acting in their official capacities as employees of the CITY.

5. Defendant JOSHUA SANFORD ("SANFORD") is and at all relevant times was a Reno Police Officer acting under color of law and working for the City of Reno in the City of Reno Police Department.

6. Defendant Sergeant Justin Bradley ("BRADLEY") is and at all relevant times was a Reno Police Officer acting under color of law and working for the City of Reno in the City of Reno Police Department.

7. JOHNSON alleges that both SANFORD AND BRADLEY performed, participated in, aided and/or abetted in some manner the acts averred herein, proximately causing the damages averred below and is liable to her for the damages and other relief sought herein.

2

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

8. Defendant Does 1-5 are other officers, entities or people who also may be responsible for the injuries suffered by the Plaintiff. The Plaintiff reserves the right to amend her complaint when the true identity of these Defendants become known to her.

## FACTUAL ALLEGATIONS

9. On December 19, 2015 SANFORD arrested JOHNSON at her home in RENO, NV for a domestic battery. JOHNSON has since had the domestic battery charge dismissed.

10. SANFORD transported JOHNSON to the Washoe County Jail located at 911 Parr Blvd. in Reno, NV. Upon reaching the intake hallway in the Washoe County Jail SANFORD asked JOHNSON to sit down on the bench. JOHNSON did not sit down and in less than 15 seconds SANFORD grabbed JOHNSON and threw her to the floor which is made of concrete. SANFORD knelt on JOHNSON'S back and left arm for a few moments while she was on the floor and then proceeded to yank on her arm to help her to her feet.

11. During the course of throwing JOHNSON onto the concrete floor, kneeling on her arm and picking her up, SANFORD broke JOHNSON'S left humerus bone in half.

12. JOHNSON was transported by ambulance to Renown Regional Medical Center with handcuffs and a chain around her waist even though she was severely injured. JOHNSON arrived at Renown without a way to remove the restraints and the Renown Staff was required to use bolt cutters to remove the restraints.

13. At Renown it was determined that JOHNSON would need surgery on her arm as soon as the next Monday, which was two days away. Later that evening, Officer Travis Look who was assigned to prisoner transport on December 19, 2015 came to Renown to retrieve JOHNSON.

3

Dr. Thea Berning recommended that JOHNSON not be booked into the jail due to the seriousness of her injuries and that doing so could complicate any issues JOHNSON had with her broken arm. Dr. Berning also advised Officer look that JOHNSON had nerve damage to the arm and likely had radial nerve palsy due to the severity of the broken arm.

14. Officer Look contacted BRADLEY and advised him of the injuries and the recommendation of Dr. Berning. BRADLEY, with total disregard for JOHNSON health, ordered Officer Look to transport JOHNSON back to the Washoe County Jail.  JOHNSON was transported back to the Washoe County Jail where she spent 12 hours locked in a cell in excruciating pain.

## FIRST CLAIM FOR RELIEF
### (Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. § 1983)

15. Plaintiff JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

16. Defendant SANFORD forcibly touched, assaulted, grabbed, hurt and used unreasonable force on JOHNSON by throwing her to the ground, while in handcuffs, kneeling on her left arm and then yanking on that arm as he assisted her to her feet.

17. JOHNSON'S purported offense was that she refused to sit down for less than 15 seconds while she was already in handcuffs.

18. SANFORD failed to provide JOHNSON with a warning that the use of force was imminent.

4

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

19. The force used by SANFORD, severely breaking JOHNSON'S humerus bone and causing her a lifelong injury constitutes use of excessive force and a physical assault.

20. The use of force was excessive and unreasonable.

21. By the actions described above, SANFORD deprived JOHNSON of the following clearly established and well-settled constitutional rights:

   a. Freedom from the use of excessive and unreasonable force;

   b. Freedom from summary punishment.

SANFORD subjected JOHNSON to these deprivations of her rights either maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

22. As a direct and proximate result of the afore described unlawful and malicious conduct by SANFORD, committed under color of law and under his authority as a Reno Police Officer, JOHNSON suffered economic loss, medical bills, grievous bodily harm requiring medical attention, prolonged physical pain and suffering, emotional distress and was left permanently disabled. As a result, she was deprived of her right to be secure in her person against violations of her rights under the Fourth Amendment of the United States Constitution.

23. The acts of SANFORD were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling plaintiff to an award of punitive damages.

///

5

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

## SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983--Substantive Due Process Violation by Municipality and its Employees In Official Capacity For Failure to Train, Supervise, and Control Employees)**

24. Plaintiff JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

25. At all relevant times, the CITY had actual or constructive notice that there was an obvious need to properly train, supervise, and control all employees charged with responsibility for preventing police officers, including SANFORD, from abusing their official authority and using excessive force against the public. The CITY has knowledge that their police officers have a tough decision to make when using force in certain situations. Adequate training by the CITY, would make the decision less difficult. Making the wrong decision when using force often causes the deprivation of a citizen's constitutional right

26. The CITY also had actual or constructive notice that there was an obvious need to properly train, supervise, and control all employees regarding the use of excessive force. Further, the CITY had actual or constructive knowledge of the need for implementing and enforcing practices, policies, and procedures for the prevention of such conduct.

27. The CITY acted with deliberate indifference to such obvious needs by failing to provide adequate training, supervision, and control of such employees and by failing to implement and/or enforce such practices, policies, and procedures.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

28. The CITY's aforementioned failures constituted a *de facto* failure to train which was the moving force behind the violation of JOHNSON'S Constitutionally protected rights as described above.

29. As a direct and proximate result of the afore described conduct by the CITY, JOHNSON suffered economic loss, medical bills, grievous bodily harm requiring medical attention, prolonged physical pain and suffering, emotional distress and was left permanently disabled. As a result, she was deprived of her right to be secure in her person against violations of her Constitutional Rights.

## **THIRD CLAIM FOR RELIEF**

## **(Eighth Amendment; Cruel and Unusual Punishment)**

30. Plaintiff JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

31. JOHNSON has the right to be free from cruel and unusual punishment by a person acting under the color of law.

32. SANFORD caused unnecessary and wanton infliction of pain on JOHNSON when he broke JOHNSON'S humerus bone in half.

33. BRADLEY caused unnecessary and wanton infliction of pain on JOHNSON, when after learning of the severity of JOHNSON'S injury and learning that Dr. Berning recommended that she not be returned to jail, he insisted she be returned to the jail and had her sit in a cell for 12 hours in excruciating pain.

7

34. As a direct and proximate result of the afore described unlawful and malicious conduct by SANFORD and BRADLEY, committed under color of law and under their authority as a Reno Police Officers, JOHNSON suffered economic loss, medical bills, grievous bodily harm requiring medical attention, prolonged physical pain and suffering, emotional distress and was left permanently disabled. As a result, she was deprived of her right to be free from cruel and unusual punishments under the Eight Amendment of the United States Constitution.

35. The acts of SANFORD and BRADLEY were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling plaintiff to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

**(Pendent State Claims: Assault and Battery)**

36. Plaintiff JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

37. SANFORD forcibly touched, grabbed, and harmed JOHNSON without her consent. The contact was unwelcome.

38. As a direct and proximate result of the aforedescribed unlawful and malicious conduct by SANFORD, committed under color of law, plaintiff suffered economic loss, medical bills, grievous bodily harm requiring medical attention, prolonged pain and suffering, emotional distress and was left permanently disabled.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

39. The acts of SANFORD as aforescribed were intentional, wanton, malicious and oppressive and made with reckless indifference to plaintiff's rights thus entitling plaintiff to an award of punitive damages against SANFORD and the City of Reno.

## FIFTH CLAIM FOR RELIEF

**(Pendent State Claim: Infliction of Emotional Distress)**

40. JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

41. JOHNSON alleges SANFORD and BRADLEY acted intentionally or recklessly. SANFORD'S intentional or reckless conduct of breaking JOHNSON'S arm in half was extreme and outrageous. BRADLEY'S intentional or reckless conduct of forcing JOHNSON to return to the jail even though he knew the severity of JOHNSON'S broken arm and knew it was recommended by a doctor that she not be returned to jail was extreme and outrageous.

42. JOHNSON suffered severe emotional distress as a result of both SANFORD and BRADLEY'S conduct.

43. JOHNSON alleges SANFORD and BRADLEY'S actions were attributable to bad faith, malicious hostility towards plaintiff, and a willful and or deliberate disregard for the Plaintiff's rights.

44. As a direct and proximate result of the afore described unlawful and malicious conduct by SANFORD and BRADLEY committed under color of law and under their

9

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

authority as a Reno Police Officers, JOHNSON suffered serious emotional distress and grievous bodily harm requiring medical attention.

45. The acts of SANFORD and BRADLEY as afore described were intentional, wanton, malicious and oppressive and made with reckless indifference to JOHNSON'S rights thus entitling JOHNSON to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF

### (Punitive Damages)

46. JOHNSON realleges and incorporates each and every allegation contained in the preceding paragraphs.

47. JOHNSON alleges SANFORD and BRADLEY'S actions were extreme and outrageous and attributable to bad faith, malicious hostility towards JOHNSON, and a willful and or deliberate disregard for her rights.

48. The acts of SANFORD and BRADLEY as afore described were intentional, wanton, malicious and oppressive and made with reckless indifference to JOHNSON'S rights thus entitling JOHNSON to an award of punitive damages.

WHEREFORE, plaintiff prays for judgment against the defendants as follows:

1. For a declaratory and injunctive relief that the policies, practices, and acts complained of herein are illegal and unconstitutional;
2. For actual and compensatory damages from the City of Reno, SANFORD and BRADLEY, in an amount to be determined at trial;
3. For exemplary and punitive damages from SANFORD and BRADLEY in an amount to be determined at trial;

10

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

4.      For attorney fees and costs incurred herein;

5.      For leave to amend this complaint should it become necessary;

6.      For nominal damages;

7.      For such other and further relief as this Court may deem appropriate.

**Pursuant to NRS 239B.030, the undersigned hereby affirms that the preceding document does not contain the social security number of any person.**

DATED this 17th day of November, 2016.

                                            LAW FIRM OF LAUB & LAUB

                                            /s/ Nik C. Palmer
                                            Nik C. Palmer, Esq.
                                            Nevada State Bar #9888
                                            630 E. Plumb Lane
                                            Reno, Nevada 89502
                                            Telephone (775) 333-5282

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the Law Firm of Laub & Laub, and that on this date, I am serving the foregoing document, **FIRST AMENDED COMPLAINT** on the party(s) set forth below by:

**CM/ECF electronic service**

addressed as follows:

William E. Cooper
Deputy City Attorney
Nevada State Bar #2213
Post Office Box 1900
Reno, Nevada 89505

Attorneys for City of Reno,
Sargent Justin Bradley,
And Officer Joshua Sanford

DATED this 17th day of November, 2016

By: *s/ Nik Palmer*_____
Nicholus C. Palmer, Esq.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699