1
2
3
4

Nik C. Palmer, Esq.
State Bar of Nevada No. 9888
630 E. Plumb Lane
Reno, NV 89502
Telephone:     (775) 333-5282
Attorney for the Plaintiff

5

UNITED STATES DISTRICT COURT

6
7

DISTRICT OF NEVADA

8

DAWN JOHNSON,                                          )
                                                                        )
9                        Plaintiff,                              )      Case No.: 3:16-CV-00507-MMD-VPC
                                                                        )
10          vs.                                                 )      **JOINT PRETRIAL ORDER**
      OFFICER JOSHUA SANFORD individually  )
11    and in his official capacity, SERGEANT       )
      JUSTIN BRADLEY individually and in his     )      SUBMITTED IN COMPLIANCE WITH LR
12    official capacity and DOES 1-5 Inclusive,    )      16-3
                                                                        )
13                                                                  )
                                                                        )
14                       Defendants.                        )
                                                                        )
15 _____)

16    After Pretrial proceedings in this case,

17    Immediate

18    IT IS SO ORDERED:

19                                                                      I.

20                               **STATEMENT OF THE CASE**

21    **Plaintiff's Statement of the Case:**

22              This is an action by Plaintiff Dawn Johnson ("Johnson") against two City of Reno Police

23    Officers, Officer Joshua Sanford ("Sanford") and Sergeant Justin Bradley ("Bradley") for the

24    following causes of action:

25          1.  Fourth and Fourteenth Amendments, Excessive Force – 42 U.S.C. § 1983

26          2.  42 U.S.C. § 1983--Substantive Due Process Violation by BRADLEY – Punishment prior to

27              adjudication of guilt
28

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

1

3.   Pendent State Claims: Assault and Battery:

4.   Pendent State Claim: Infliction of Emotional Distress

5.   Punitive Damages

On December 19, 2015 Sanford arrested Johnson at her home in Reno, NV for a domestic battery. Johnson has since had the domestic battery charge dismissed. Sanford transported Johnson to the Washoe County Jail located at 911 Parr Blvd. in Reno, NV. Upon reaching the intake hallway in the Washoe County Jail Sanford asked Johnson to sit down on the bench while her hands were handcuffed behind her back. Johnson did not sit down and Sanford grabbed Johnson and took her to the floor which is made of concrete.  Sanford knelt on Johnson's back and left arm for a few moments while she was on the floor and then proceeded to help her to her feet.

At some point in this series of events Johnson's left humerus bone broke in half. Johnson was transported by ambulance to Renown Regional Medical Center with handcuffs and a chain around her waist even though she was severely injured. Johnson arrived at Renown without a way to remove the restraints and the Renown Staff was required to use bolt cutters to remove the restraints.

At Renown it was determined that Johnson would need surgery on her arm as soon as the next Monday, which was two days away.  Later that evening, Officer Travis Look who was assigned to prisoner transport on December 19, 2015 came to Renown to retrieve Johnson. Dr. Thea Berning recommended that Johnson not be booked into the jail due to the seriousness of her injuries and that doing so could complicate any issues Johnson had with her broken arm.  Dr. Berning also advised Officer Look that Johnson had nerve damage to the arm and likely had radial nerve palsy due to the severity of the broken arm.

Officer Look contacted Bradley and advised him of the injuries and the recommendation of Dr. Berning. Bradley, with total disregard for Johnson's health, ordered Officer Look to transport Johnson back to the Washoe County Jail.  Johnson was transported back to the Washoe County Jail where she spent 12 hours locked in a cell in pain.

**Defendant's Statement of the Case:**

On December 19, 2015, Reno Police Officers responded to a domestic violence call at 4959

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

2

1   Talbot Lane, Apt. #166. Upon arrival, the officers met the reporting party, 52 year old Dawn
2   Johnson, who was standing at the bottom of a stairway leading to her second story apartment which
3   she shared with her 60 year old boyfriend, Raymond Carter. Dawn Johnson was observed to be
4   grossly intoxicated under the influence of alcohol and refused to provide any information to the
5   officers. The officers went to Ms. Johnson's apartment and spoke with her boyfriend Raymond
6   Carter. Raymond was covered in egg shells and egg yolk on the top his head and dripping down the
7   right side of his face.

8        Raymond reported that Dawn Johnson had been out drinking alcohol all day and came home
9   yelling at him and berating him for a variety of things. She berated his manhood and started
10  punching him in the face. She then went into the kitchen and returned with eggs in her hands and
11  smashed them on his head. When he ordered her to leave the house, she called 911 and walked
12  down the stairs to the sidewalk.

13       Defendant Officer Sanford placed Dawn Johnson under arrest for Domestic Battery. He
14  placed her into handcuffs and transported her to the Washoe County Jail at 911 E. Parr Blvd., Reno,
15  Nevada. At the Washoe County Jail Dawn Johnson became defiant and refused to comply with
16  Officer Sanford's commands that she sit down in the prisoner waiting area. Instead, she tightened
17  her body and braced herself against a wall. She refused his verbal demands to stop resisting and to
18  sit down. This caused Officer Sanford to grab both her arms and place her on the floor to gain her
19  compliance. This was observed by Reno Police Officers Travis Look, Jeremie Pordon and witness
20  Eric Bunce.

21       Officer Sanford and Sergeant Bradley are both sued in their "official capacity". A §1983
22  claim asserted against an individual in his or her "official capacity" is synonymous with a §1983
23  claim against the municipality that employs the individual. "[O]fficial-capacity suits generally
24  represent only another way of pleading an action against an entity of which an officer is an
25  agent…" *Monell v. Department of social services,* 436 U.S. 658, 691 (1978). However, the
26  Complaint fails to name or plead a §1983 claim against the City of Reno.  The officers are sued
27  individually and the City of Reno is not a party in this litigation.

28

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

3

There is uncertainty as to when and where Plaintiff injured her arm. Plaintiff told the nurse at the Carson Valley Medical Center that she injured her arm walking down stairs. On the night of her arrest, the police found Plaintiff standing at the foot of a stairway leading up to Plaintiff's apartment. Plaintiff had walked down the stairway while highly intoxicated on alcohol after her fight with Raymond Carter. While she was in the custody of Officer Sanford, she never complained about any injury to her arm. When Officer Sanford picked Plaintiff up from the floor at the County jail he lifted her up by her shoulders. Even then she did not complain that her arm was injured. After Plaintiff was placed in the custody of the Washoe County Deputies she was searched and placed in belly-chains. It was during her interaction with the Sheriff Deputies that Plaintiff complained for the first time that her arm was hurting her. Thus, the injury to her arm may have occurred while Plaintiff was in the custody of Washoe County. For that reason Washoe County is an indispensible party to this action under FRCP 19.

Officer Sanford and Sergeant Bradley are also sued in their "individual capacity". In their Answer to the Second Amended Complaint both Bradley and Sanford pled "qualified immunity" as an affirmative defense. See, Answer to Second Amended Complaint (Doc 42), Eleventh Affirmative Defense. Qualified immunity is immunity from suit for damages. "[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton,* 483 U.S. 635, 638 (1987) (citations omitted); see also, *Wood v. Moss,* 134 S. Ct. 2056, 2066-67 (2014) ("The doctrine of qualified immunity protects government officials from liability for civil damages…"); *Krainski v. Nevada ex. Rel. Bd. Of Regents,* 616 F.3d 963, 968 (9th Cir. 2010); *Richardson v. McKnight,* 521 U.S. 399, 407-08 (1997); *Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir. 2002). Thus, qualified immunity shields Officer Sanford and Sergeant Bradley from civil damages in their individual capacities.

The Reno Police Department conducted an internal Use of Force Investigation to determine whether Officer Sanford had used excessive force against Dawn Johnson.  The report concluded

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

4

that Officer Sanford's use of force against Dawn Johnson was not excessive and was in compliance with Reno Police Department guidelines.

In Plaintiff's First Claim for Relief, Sergeant Bradley is accused of violating Plaintiff's alleged constitutional right to be free from "summary punishment" when he returned Plaintiff to the County jail after her release from Renown. Similarly, in Plaintiff's Second Claim for Relief Sergeant Bradley is accused of punishing Plaintiff by returning Plaintiff to the County jail after her release from Renown. However, because Plaintiff was in police custody after being arrested for Battery Constituting Domestic Violence, NRS 171.137 required Defendant Sanford to arrest Plaintiff once he had probable cause to believe that Plaintiff committed battery upon the person she was residing with. Pursuant to NRS 178.484 a person arrested for a battery that constitutes domestic violence must remain in custody for a twelve hour (12) "cooling-off" period and cannot be admitted to bail sooner than 12 hours after arrest.

As part of Plaintiff's treatment at Renown her arm was x-rayed, her broken arm was placed in a splint, she received medication and she was discharged from the hospital. Upon discharge from the hospital Plaintiff had to remain in the custody of the Reno Police and under arrest for the duration of the 12 hour "cooling-off" period. Therefore, she was returned to the Washoe County Jail. Defendant Bradley had no authority to release Plaintiff or to modify her arrest and detention at the Washoe County Jail.  Therefore, Plaintiff's return to jail was rationally related to a legitimate governmental objective; to keep Plaintiff under arrest and in custody at the jail for the duration of the 12 hour "cooling-off" period as required by Nevada law.

II.

**STATEMENT OF JURISDICTION**

1.  This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1343, 2201; 19 42 U.S.C. § 1983 and 1988; and pendent state claims.

2.  Venue in this action is appropriate in the District of Nevada pursuant to 28 U.S.C. Section 1391(b).

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

III.

**Statement of Uncontested Facts Which Require No Proof:**

A.  Plaintiff:

The following facts are admitted by the Parties and require no proof:

On December 19, 2015 Sanford arrested Johnson at her home in Reno, NV for a domestic battery. Johnson has since had the domestic battery charge dismissed. Sanford transported Johnson to the Washoe County Jail located at 911 Parr Blvd. in Reno, NV.

The Washoe County Sheriff's determined that Johnson had a deformity in her arm and refused to admit her into the Jail. Johnson was transported by ambulance to Renown Regional Medical Center. At Renown it was determined that Joh had a broken left humerus.  After being released from Renown, Johnson was returned to the Washoe County Jail where she was admitted.

B.  Defendant:

1. At all relevant times Defendant Joshua Sanford was employed as a police officer with the Reno Police Department.

2. At all relevant times Defendant Justin Bradley was employed as a Police Sergeant with the Reno Police Department.

IV.

THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:

Plaintiff:  That Sanford broke Johnson's arm.  That Bradley knew of the seriousness of Johnson's injury and still had her brought back to the jail.

Defendant:  None.

V.

**STATEMENT OF CONTESTED ISSUES OF FACT**

**A.  Plaintiff's Statement of Contested Issues of Fact**

The following are the issues of fact to be tried and determined at trial.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

Whether Officer Sanford broke Ms. Johnson's arm. Whether Officer Bradley knew of the seriousness of Johnson's injury and still had her brought back to the jail after being released from Renown.

**B.    Defendant's Statement of Contested Issues of Fact**

The following are the issues of fact to be tried and determined upon trial:

1. Whether on December 19, 2015, Defendant Sanford grabbed Plaintiff Johnson and threw her to the concrete floor at the Washoe County Jail at 911 Parr Blvd. in Reno, Nevada.

2. Whether Defendant Sanford knelt on Plaintiff Johnson's back and left arm for a few moments while she was on the floor at the Washoe County Jail and then proceeded to yank on her arm to help her to her feet.

3. Whether Defendant Sanford broke Plaintiff Johnson's left humerus bone in half during the course of throwing Johnson onto the concrete floor at the Washoe County Jail, then kneeling on her arm and picking her up.

4. Whether Johnson's left humerus bone was injured or broken during the physical altercation she had with her boyfriend, Raymond Carter on December 19, 2015, prior to the time that Defendant Sanford placed her under arrest for domestic violence.

5. Whether Johnson's left humerus bone was injured or broken when she fell down stairs prior to her arrest on December 19, 2015, as she told a nurse at the Carson Valley Medical Center.

6. Whether Johnson's left humerus bone was broken while she was in the custody of the Washoe County Sheriff Deputies at the Washoe County Jail on December 19, 2015.

7. Whether Police Officer Travis Look contacted Defendant Bradley on December 19, 2015, and advised him of the recommendation of Dr. Berning that Johnson not be booked into the Washoe County Jail due to the seriousness of her injuries and that doing so could complicate any issues Johnson had with her broken arm.

8. Whether the force used by Defendant Sanford against Johnson at the Washoe County Jail was excessive and unreasonable under the circumstances.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

7

9. Whether Defendant Bradley's decision to return Johnson to the Washoe County Jail after her treatment and release from Renown Medical Center on December 19, 2015, was punishment prior to adjudication of guilt.

10. Whether Defendants are immune from liability pursuant to NRS 41.032.

11. Whether Washoe County and the Washoe County Sheriff's Department are indispensible parties to this litigation.

12. Whether Defendant Bradley's decision to send Johnson back to the Washoe County Jail after her release from Renown was not punishment because the decision was reasonably related to a legitimate governmental objective.

13. Whether the acts of Defendants Bradley and Sanford were objectively reasonable in light of the facts and the totality of the circumstances confronting them without regard to their underlying intent or motivation.

VI.

## STATEMENT OF CONTESTED ISSUES OF LAW

**A.      Plaintiffs' Statement of Contested Issues of Law**

The following are the issues of law to be to be tried and determined at trial.

Federal law provides that Johnson may recover damages if the Sanford, acting under color of law, deprived her of a right guaranteed by the Constitution. The right at stake here is the right to be free from the use of excessive force. The parties have agreed that Sanford acted "under color" of law. The only issue therefore, is the issue of excessive force.

In order to prove her claim of unconstitutionally excessive force, the Johnson must prove by a preponderance of the evidence that the Sanford intentionally, rather than negligently, used unconstitutionally excessive force. However, it is not necessary to find that the Sanford had any specific purpose or desire to deprive Johnson of her constitutional rights in order to find in favor of the Johnson. Johnson must prove only that the action was deliberate, not that the consequence was intended.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

8

Federal law provides that the plaintiff may recover damages if the defendant, acting under color of law, deprived her of a right guaranteed by the Constitution. The right at stake here is the right of a pretrial detainee to be free from the use of excessive force that is used to punish. The parties have agreed that Bradley acted "under color" of law. The only issue therefore, is the issue of whether Bradley used excessive force that amounts to punishment.

In order to prove her claim of unconstitutionally excessive force used to punish, Johnson must prove by a preponderance of the evidence the following: First, that Bradley intentionally, rather than negligently, used excessive force on the Johnson; and Second, that the use of excessive force against Johnson was for the purpose of punishment. It is not necessary to find that Bradley knew that punishing Johnson would deprive Johnson of her constitutional rights in order to find in favor of Johnson. Johnson is entitled to relief if Bradley intentionally used excessive force for the purpose of punishment against Johnson.

With regard to the state claim of assault, Johnson must prove that Sanford and Bradley intentionally placed her in reasonable apprehension of immediate bodily harm. For the State claim of battery, Johnson must prove that Sanford and Bradley used willful and unlawful force or violence upon her without her consent.  With regard to the state claim of emotional distress, Johnson must prove 1. That Sanford and Bradley engaged in extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; 2. Johnson suffered severe or extreme emotional distress; 3. The emotional distress was [actual or] proximately caused by the defendant's conduct; and 4. Johnson suffered damages.

**B.    Defendants' Statement of Contested Issues of Law**

The following are the issues of law to be tried and determined at trial:

1.Whether Defendant Sanford's use of force against Johnson was excessive and

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

unreasonable in violation of the Fourth and Fourteenth Amendments, and actionable under section 1983

2. Whether Defendant Bradley's decision to return Johnson to the Washoe County jail after her release from Renown Medical Center constituted "summary punishment" in violation of the fourth and fourteenth Amendments and is actionable under section 1983.

3. Whether Defendant Bradley's decision to return Johnson to the Washoe County Jail constituted punishment of a pretrial detainee prior to adjudication of guilt in violation of substantive due process and is actionable under section 1983.

4. Whether Defendant Sanford's use of force against Johnson constituted an assault and battery under Nevada Law.

5. Whether an award of punitive damages is recoverable against Defendants Sanford and Bradley when sued in their official capacity.

6. Whether damages are recoverable against Defendants Sanford and Bradley when they are sued in their official capacity.

7. Whether Defendants Sanford and Bradley are protected by the doctrine of qualified immunity and, if so, whether the doctrine of qualified immunity protects them from liability for civil damages when sued in their individual capacity.

8. Whether Washoe County and the Washoe County Sheriff's Office are indispensable parties to this litigation.

9. Whether Defendants are immune from liability in this matter pursuant to NRS 41.032.

10. Whether the acts of Defendants Sanford and Bradley were objectively reasonable in light of the facts and the totality of the circumstances confronting them without regard to their underlying intent or motivation.

11. When sued in their official capacity the acts of each named Defendant must be pursuant to a municipal policy, custom or practice.

12. A supervisor is only liable for constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

10

13. Defendant Bradley's decision to send Johnson back to the Washoe County Jail after her release from Renown was not "punishment" because the decision was reasonably related to a legitimate governmental objective.

(a)  The parties reserve the right to offer into evidence the following exhibits at trial:

(1) Plaintiff's exhibits.

| No. | Document | Bates Label |
|---|---|---|
| 1. | Reno Police Department Report # RPD 15-268140 | DJOOOOOl - DJ000015 |
| 2. | Remsa Ambulance bill and records | DJOOOO16 - DJ000022 |
| 3. | Renown Health bill and records | DJ000023 - DJ000094 |
| 4. | B Bottenberg Practice bills and records | DJ000095- DJ000113 |
| 5. | Reno Orthopaedic Clinic bills and records | DJ000114-DJ000135 |
| 6. | Carson Valley Medical Center bills and records | DJ000136 – DJ000154 |
| 7. | Reno Orthopaedic Clinic record for date of visit November 17, 2016 | DJ000155 – DJ000157 |
| 8 | Great Basin Orthopaedics | DJ000158 – DJ000165 |
| 9 | Defendant's Video of Arrest hall and sally port at the Washoe County Jail. | COR-00001 |
| 10. | Defendant's Audio recording from Sgt. Bradley's conversation with Plaintiff | COR-00002 |
| 11. | Video of Plaintiff's arrival at Washoe County Jail | DJ000167 |
| 12. | Pictures taken by Dawn Johnson of the staircase in front of her house | DJ000168- DJ000170 |
| 13. | Pictures of Dawn Johnson's injuries | DJ000171- DJ000188 |
| 14. | Picture of Dawn Johnson with her son | DJ000189 |
| 15. | Dawn Johnson's veterinary technician license | DJ000190 |
| 16. | Kent Gabriel MD bill and medical records | DJ000191 – DJ000195 |
| 17. | Arresting/Transporting officer questionnaire | DJ000196 |

(2) Defendant's exhibits.

1.     COR-00001:  Video (CD) of Arrest Hall and Sally Port at the Washoe County Jail.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

2. COR-00002:  Audio recording (CD) from Sgt. Bradley's conversation with Plaintiff.

3. COR-00003 – COR-00005:  Reno Police Report dated 12/19/15 by Ofc. Andrew Hickman.

4. COR-00006:  Reno Police Report dated 12/19/15 by Ofc. Travis Look.

5. COR-00007 – COR-00008:  Reno Police Report dated 12/19/15 by Ofc. Jeremie Pordon.

6. COR-00009 – COR-00010:  Reno Police Report dated 12/19/15 by Ofc. Joshua Sanford.

7. COR-00011:  Reno Police Report dated 12/20/15 by Ofc. Travis Look.

8. COR-00012 – COR-00016:  Use of Force Report.

9. COR-00017:  Witness Statement from Eric Bunce.

10. COR-00018 – COR-00019:  Register of Actions Case No. 15CR-17964.

11. COR-00020 – COR-00025:  Final REMSA Report for Dawn Johnson.

12. COR-00026 – COR-00027:  Reno Police Report dated 9/06/14 by Ofc. Lyle Duke Steffens.

13. COR-00028 – COR-00032:  Reno Police Report dated 5/23/15 by Ofc. Daniel Bond.

14. COR-00033 – COR-00035:  Reno Police Report dated 9/19/15 by Ofc. Brenton Ball.

15. COR-00036 – COR-00038:  Reno Police Report dated 9/23/14 by Ofc. Kevin McMillin.

16. COR-00039 – COR-00319:  Renown - Billing and Health Records for Dawn Carol Johnson.

17. COR-00320 – COR-00337:  REMSA - Billing and Patent Care Reports for Dawn Carol Johnson.

18. COR-00338 – COR-00392:  Reno Orthopaedic Clinic (ROC) - Medical Records and Billing for Dawn Carol Johnson.

19. COR-00393 – COR-00401:  Dr. Ellen McBride - Medical Records and Billing for Dawn Carol Johnson.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

12

20.   COR-00402 – COR-00410:  Great Basin Orthpaedics - Medical Records and Billing for Dawn Carol Johnson.

21.   COR-00411 – COR-00414:  Reno Radiological Associates - Billing Records for Dawn Carol Johnson.

22.   COR-00415 – COR-00430:  Carson Valley Medical Center - Medical Records and Billing for Dawn Carol Johnson.

23.   COR-00431 – COR-00435:  Dr. Kent Gabriel - Medical Records for Dawn Carol Johnson.

24.   COR-00436 – COR-00446:  Dr. Alan Bottenberg - Billing and Medical Records for Dawn Carol Johnson.

25.   COR-00447 – COR-00453:   Northern Nevada Emergency Physicians - Billing Records for Dawn Carol Johnson.

26.   The Defendants also reserves the right to use any documents indentified by the Plaintiff in this case.

27.   The Defendants also reserves the right to supplement its list of documents.

(b) As to the following additional exhibits, the parties have reached the stipulations stated:

(1) Set forth stipulations on plaintiff's exhibits.

None

(2) Set forth stipulations on defendant's exhibits.

None

(c) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(1) Set forth the plaintiff's exhibits and objections to them.

Defendants object to Plaintiff's exhibits 12, 14 and 15 on the grounds of relevance.

(2) Set forth the defendant's exhibits and objections to them.

Plaintiff objects to the use of Exhibit COR-00017:  Witness Statement from Eric Bunce as hearsay.  Plaintiff objects to the use of any other instances of alleged domestic violence between the Plaintiff and Raymond Carter on the basis of relevance.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

13

(d) Electronic evidence:

Plaintiff and Defendants intend to use video and voice recordings.

(e) Depositions:

     (1) Plaintiff will offer the following depositions:

     Deposition of Thomas Christensen, MD

     Deposition of Raymond Carter

     (2) Defendant will offer the following depositions: None.

(f) Objections to Depositions:

     (1) Defendant objects to plaintiff's depositions as follows:

     (2) Plaintiff objects to defendant's depositions as follows:

     Defendants object to the deposition and testimony of Thomas Christensen, M.D. on the ground that he was retained to give expert testimony as to the cause of the injury to Johnson's left humerus bone, but he was not disclosed an as Expert and did not produce a report as required by Fed.R.Civ. P. 26 (a)(2).

VII.

THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES AT TRIAL:

(a) Provide names and addresses of plaintiff's witnesses.

    1. Dawn Johnson
       c/o Nicholus C. Palmer, Esq
       630 E. Plumb Lane
       Reno, Nevada 89502

    2. Officer Andrew Hickman
       c/o City of Reno

    3. Officer Travis Look
       c/o City of Reno

    4. Officer Jeremy Pordon
       c/o City of Reno

    5. Raymond Carter
       4959 Talbot Ln #166
       Reno, NV 89509

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

14

(775) 671-4107

6.  Charlie Palian
    Washoe County
    911 Parr Blvd.
    Reno, NV 89512

7.  James O'Doan
    c/o Luke Andrew Busby, Ltd.
    216 East Liberty St.
    Reno, NV 89501

8. All of Plaintiffs' medical providers who are expected to testify as to their treatment and

diagnosis of Plaintiffs' injuries, including but not limited to:

(a) Remsa Ambulance
    450 Edison Way
    Reno, Nevada 89502
    775-858-5700

(b)  Renown Regional Medical Center
     1155 Mill Street
     Reno, NV 89502
     775-982-4100

(c)  Northern Nevada Emergency Physicians
     P.O. Box 95728
     Oklahoma Ciry, oK 73143
     800-225-0953

(d)  Reno Radiological Associates
     P.O. Box 3215
     Indianapolis,IN 46206

(e) Reno Orthopaedic Clinic
    555 N. Arlington Avenue
    Reno, NV 89503
    715-786-3040

(f) B Bottenberg Practice
    550 W. Washington Street, Suite 1
    Carson City, NV 89703
    775-883-3953

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

15

(g) Carson Valley Medical Cneter
    1107 Highway 395
    Gardnerville, NV 89410
    775-782-1625

(h) Thea Berning, M.D.
    Renown Medical Center
    1155 Mill Street
    Reno, Nevada 89502

(i) Thomas Christensen, MD
    Reno Orthopaedic Clinic
    555 North Arlington Avenue
    Reno, Nevada 89503

(j) Great Basin Orthopaedics
    Aaron J. Dickens, M.D.
    845 Aitken Street
    Reno, Nevada 89502

(k) Ellen B. McBride, M.D.
    540 West Plumb Lane, Suite 1B
    Reno, Nevada 89509

(l) Kent W. Gabriel, M.D., F.A.C.S.
    704 W. Nye Lane, Suite 102
    Carson City, Nevada 89703

Plaintiff incorporates all witnesses listed by other parties.

(b) Provide names and addresses of defendant's witnesses.

1. Dawn Johnson
   c/o Nik Palmer, Esq.
   The Law Firm of Laub & Laub
   630 E. Plumb Lane
   Reno, NV 89502

2. Raymond Carter
   4959 Talbot Ln #166
   Reno, NV 89509

3. Reno Police Officer Joshua Sanford
   c/o Reno City Attorney's Office
   William E. Cooper, Esq.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

1   P.O. Box 1900
2   Reno, NV 89501

3   4.   Reno Police Sergeant Justin Bradley
4        c/o Reno City Attorney's Office
5        William E. Cooper, Esq.
        P.O. Box 1900
6        Reno, NV 89501

7   5.   Reno Police Sergeant Colby Palmer
8        c/o Reno City Attorney's Office
9        William E. Cooper, Esq.
        P.O. Box 1900
10       Reno, NV 89501

11  6.   Reno Police Lieutenant Zachary Thew
12       c/o Reno City Attorney's Office
13       William E. Cooper, Esq.
        P.O. Box 1900
14       Reno, NV 89501

15  7.   Reno Police Officer Andrew Hickman
16       c/o Reno City Attorney's Office
17       William E. Cooper, Esq.
        P.O. Box 1900
18       Reno, NV 89501

19  8.   Reno Police Officer Travis Look
20       c/o Reno City Attorney's Office
21       William E. Cooper, Esq.
        P.O. Box 1900
22       Reno, NV 89501

23  9.   Reno Police Officer Jeremie Pardon
24       c/o Reno City Attorney's Office
25       William E. Cooper, Esq.
        P.O. Box 1900
26       Reno, NV 89501

27  10.  Reno Police Officer Brandon Neagle
28       c/o Reno City Attorney's Office

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

17

William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

11. Sparks Police Officer Scott Bader
    c/o Sparks Police Department
    1701 E. Prater Way
    Sparks, NV 89434

12. Eric Bunce
    2144 Tanger Ct.
    Sparks, NV 89441

13. Dr. Thea Berning, MD
    c/o Renown Regional Medical Center
    1155 Mill Street
    Reno, NV 89502

14. Washoe County Sheriff Sergeant Bailey
    c/o Washoe County Sheriff's Office
    911 E. Parr Blvd.
    Reno, NV 89512

15. Washoe County Sheriff Lieutenant Barboza
    c/o Washoe County Sheriff's Office
    911 E. Parr Blvd.
    Reno, NV 89512

16. Avery Baldwin
    c/o REMSA
    450 Edison Way
    Reno, NV 89502

17. Sean Saulnier
    c/o REMSA
    450 Edison Way
    Reno, NV 89502

18. Person Most Knowledgeable, Reno Municipal Court
    c/o City of Reno Municipal Court
    1 S. Sierra Street
    Reno, NV 89501

19. Reno Police Officer Lyle Duke Steffens

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

18

c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

20.  Reno Police Officer M. Herrera
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

21. Reno Police Officer Pete Rinaldo
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

22. Officer Kevin McMillin
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

23. James David Nelson
c/o Applebee's Restaurant
4805 Kietzke Lane
Reno, NV 89509

24. Reno Police Officer Daniel Bond
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

25. Reno Police Sergeant Wade Clark
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

26. Reno Police Officer Eric Hague
c/o Reno City Attorney's Office
William E. Cooper, Esq.

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

P.O. Box 1900
Reno, NV 89501

27. Reno Police Officer Brenton Ball
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

28.  Reno Police Officer Nicholas Smith
c/o Reno City Attorney's Office
William E. Cooper, Esq.
P.O. Box 1900
Reno, NV 89501

29. Person Most Knowledgeable/Custodian of Records
Renown Health
1285 Financial Blvd.
Reno, NV 89502

30. Person Most Knowledgeable/Custodian of Records
REMSA
450 Edison Way
Reno, NV 89502

31. Person Most Knowledgeable/Custodian of Records
B Bottenberg Practice
4095 N. Carson Street
Carson City, NV 89506

32. Person Most Knowledgeable/Custodian of Records
Northern Nevada Emergency Physicians
748 South Meadows Ste A9-336
Reno, NV 89521

33. Person Most Knowledgeable/Custodian of Records
Carson Valley Medical Center
1107 Highway 395 North
Gardnerville, NV 89410

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

20

34. Mary Smith, R.N.
     Carson Valley Medical Center
     1107 Highway 395 North
     Gardnerville, NV 89410

35. Dr. Kent W. Gabriel, M.D., F.A.C.S.
     704 W. Nye Lane, Ste. 102
     Carson City, NV 89703

36. Dr. Ellen B. McBride, M.D.
     540 W. Plumb Lane #1B
     Reno, NV 89509

37. Any witness identified by Plaintiff DAWN JOHNSON.


VIII.

**OFFERED TRIAL DATES**

The attorneys or parties have met and jointly offer these three trial dates:

1. August 20-24, 2018

2. October 22-26, 2018

3. January 14-18, 2019

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

IX.

**ESTIMATED TRIAL LENGTH**


It is estimated that the trial will take a total of seven days.


APPROVED AS TO FORM AND CONTENT:

s/ Nik Palmer_____Signature of Attorney for Plaintiff

s/William Cooper_____Signature of Attorney for Defendant

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699

X.

**ACTION BY THE COURT**

ACTION BY THE COURT This case is set for court/jury trial on the fixed/stacked calendar on

_____. Calendar call will be held on_____. This

pretrial order has been approved by the parties to this action as evidenced by their signatures or the

signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this

case. This order may not be amended except by court order and based upon the parties' agreement

or to prevent manifest injustice.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE or
UNITED STATES MAGISTRATE JUDGE

Law Firm of
Laub & Laub
630 E. Plumb Lane
Reno, NV 89502
Tel: (775) 323-5282
Fax: (775) 323-3699